dismissed, at their costs, on the following from its opinion refusing to award an issue: "We have examined the testimony from beginning to end and are unable to find anything therein that would warrant us in finding as a fact, that, at the time the decedent executed both the will and the codicil, he was not of disposing mind, memory and understanding; and, therefore, we safely can dismiss the first reason assigned for the setting aside of the will and find as a fact that the testator, at the time he executed both will and codicil, was of disposing mind, memory and understanding. Indeed, we may add, the bare presumption of the law that the testator was of testamentary capacity has not been overthrown by any evidence offered on the part of the contestants......Looking at this testimony as a whole, and taking into consideration every offer of testimony on the part of the contestants that was excluded and every objection on the part of the contestants to the testimony that was admitted, we clearly are of the opinion that, at the time the testator executed the codicil and his will, his mind was not restrained by any influence upon the part of Catherine Haveronick or anyone else, and we so find as a fact."

---

# Kann *v.* Kann, Appellant.

*Contracts—Affidavits of defense—Insufficient affidavit—Time of payment.*

1. An agreement to pay money without more is an agreement to pay on demand.

2. An affidavit of defense, in an action of assumpsit, which admitted the amount sued for was due but alleged that sometime after the original contract the plaintiff agreed that the balance owing him could be paid whenever defendant was able to do so and that there was no specific time agreed upon for payment, was properly held insufficient, especially when such agreement was without consideration.

Argued Oct. 25, 1916. Appeal, No. 54, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1915, No. 435, for plaintiff in case of W. L. Kann v. M. M. Kann. Before BROWN, C. J., MESTREZAT, MOSCH-ZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for money owing.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear in the following opinion by SHAFER, P. J.:

Rule for judgment herein was heard on a former argument list and the rule discharged without an opinion.

Upon petition of the plaintiff a reargument was ordered as to the part of the rule by which plaintiff claims judgment for a part of his claim, the original rule having been for the whole of the claim and in the alternative for a part thereof.

The action is founded upon a contract made between the parties plaintiff and defendant in 1899, by which the defendant assumed fifty per cent. (50%) of all moneys that the plaintiff had advanced to a certain company, with interest thereon. In March, 1912, the plaintiff sent to the defendant an account, a copy of which is attached to plaintiff's claim and marked Exhibit "B," together with a letter asking the defendant to state how he wished to treat the matter of the account. The defendant answered the letter in April, 1912, acknowledging receipt of the account and enclosing one thousand ($1,000) dollars to apply on the principal, and adding: "Referring to the statement above mentioned, the only thing that I wish you to correct in the matter, that in place of applying the $4,000 paid you in 1907 and 1908 to interest, I wish the same to be applied to principal. I shall endeavor to keep paying on the principal and on interest to the best of my ability."

The affidavit of defense sets up certain matters in the account which do not affect the item now in question, but

after stating the one-half of the principal account which was originally owing as seven thousand thirty-three and 11/100 ($7,033.11) dollars, and crediting the payments according to his view of the matter, it is stated that the balance owing plaintiff is six thousand five hundred fifty-five and 59/100 ($6,555.59) dollars. As to this sum defendant says that while it is owing to the plaintiff, it is not due, "for the reason that a short time prior to the year 1912, plaintiff agreed with the defendant that the balance owing to plaintiff from defendant could be paid by defendant to plaintiff whenever defendant felt that he was able to do so, and that there was no specific time agreed upon for the payment of the balance owing and that defendant was to have the right to repay same at his convenience," and then he avers his inability to pay at the present time.

The only question in the case therefore is whether, under the terms of the original contract and the legal effect of the agreement set up by defendant, this sum is due or not. The contention of the defendant is, that the original contract, made in 1899 by which he agreed to pay one-half of the moneys advanced, was an agreement to pay within a reasonable time; and, whether the time from 1899 until the present time is a reasonable time in which the money is to be paid, is a matter to be determined only by a jury. He does not himself say that the time is not reasonable. He also contends, as we understand it, that the agreement made in 1912, to pay when he should be able to do so, is binding and puts off the payment until he shall be able to make it. Defendant's counsel has cited a number of cases in which it was held that when no time was fixed for the doing of some particular act, it was to be done in a reasonable time; but he has cited no case in which it was held that an agreement to pay money in which no time was fixed for payment meant a payment in a reasonable time.

On the contrary, the cases appear to be uniform that an agreement to pay money without more is an agreement

to pay it on demand. But even if the contract did mean that he was to pay at a reasonable time, it seems to us that he ought to allege that the time in which he is called on to pay is not such. As to the agreement made in 1912, or shortly before, we fail to see how that can avail the defendant as there is no consideration for it. Defendant's counsel has cited a number of cases in regard to the promise to pay when able; but these are all cases of where the action is founded on the promise itself and not upon the previous duty to pay it.

We are therefore of opinion that the affidavit of defense as to this item is insufficient, and the rule is made absolute as to the item of six thousand five hundred fifty-five and 59/100 dollars.

Judgment for plaintiff for $6,555.59. Defendant appealed.

*Leonard S. Levin,* for appellant.

*Edward Schreiner,* of *Schreiner & Loeffler,* for appellee.

PER CURIAM, January 8, 1917:

The judgment in this case is affirmed on the opinion of the learned president judge of the court below making the rule for it absolute.

---

## Wadsworth *v.* Manufacturer's Water Company, Appellant.

*Eminent domain — Water companies — Damages — Measure of damages.*

. 1. When in any instance it becomes necessary for a water company to resort to condemnation in order to acquire land for a public improvement, expert witnesses, in estimating the market value of such land, may consider as an element its adaptability for the particular use for which it is being appropriated; but they may not